**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLARENCE PETERS,** | : | **CIVIL ACTION NO. 1:08-CV-1961** |
| | : | |
| **Petitioner** | : | |
| | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **WARDEN KLEPTRIBE**, *et al.* | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 3rd day of November, 2008, upon consideration of

petitioner's application for habeas corpus under § 2254[1] (Doc. 1), and pursuant to

the court's preliminary review of petitioner's application, <u>see</u> R. GOVERNING § 2254

CASES R.4 (requiring the court to promptly examine the application and, if "it

plainly appears from the petition . . . that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition"), it appearing that petitioner's

application seeks relief from a conviction imposed in August 1992, (<u>see</u> Doc. 1 at 4),

and that petitioner's conviction became final by conclusion of direct review well in

excess of one year prior to the date of his application, (<u>see</u> <u>id.</u> at 4-5), and that the

---

[1] On October 20, 2008, petitioner filed a separate application for habeas corpus under § 2254 (Doc. 1, <u>Peters v. Nish</u>, Civ. No. 1:08-CV-1923), seeking relief from a conviction imposed on September 24, 1998. The court instructed petitioner that in order to proceed, he must either pay the statutorily required filing fee or file an application to proceed *in forma pauperis.* (Doc. 3, <u>Peters v. Nish</u>, Civ. No. 1:08-CV-1923.) Instead of complying with that directive, petitioner filed the instant application for habeas corpus, seeking to vacate an entirely different conviction. As of the date of this order, petitioner has neither paid the filing fee nor applied to proceed *in forma pauperis* in the matter filed October 20, 2008.

statute of limitations within which petitioner was entitled to challenge this

conviction has now expired, see 28 U.S.C. § 2244(d)(1)(A) (describing the one-year

limitations period applicable to § 2254 petitions as running from "the date on which

the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review"[2]), it is hereby ORDERED that:

1.      The application for habeas corpus under § 2254 (Doc. 1) is DENIED
        and petitioner's motion is DISMISSED.

2.      Petitioner is directed to comply with the administrative order of court
        dated October 21, 2008 (Doc. 3, Peters v. Nish, Civ. No. 1:CV-08-1923)
        in order to prosecute his pending application for habeas corpus in the
        matter captioned Peters v. Nish, Civ. No. 1:08-CV-1923.

3.      The Clerk of Court is directed to CLOSE this case.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge

---

[2] Section 2244(d)(1) also provides three additional points from which the
statute of limitations may run, none of which appear applicable here.  Petitioner
has identified no impediment to his filing an earlier application, see § 2244(d)(1)(B),
he has not identified any constitutional right newly recognized by the Supreme
Court, see § 2244(d)(1)(C), nor has he identified a claim that could not have been
discovered through the exercise of due diligence, see § 2244(d)(1)(D).